**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 02-2272**

─────────────

BERC CAPKAN,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

─────────────

On Petition for Review of an Order of the Board of Immigration Appeals.  (A-41-956-406)

─────────────

Submitted:  October 17, 2003        Decided:  November 10, 2003

─────────────

Before WIDENER, GREGORY, and DUNCAN, Circuit Judges.

─────────────

Petition dismissed by unpublished per curiam opinion.

─────────────

Michael M. Hadeed, Jr., BECKER, HADEED, KELLOGG & BERRY, P.C., Springfield, Virginia, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Mark C. Walters, Assistant Director, Deborah N. Misir, Office of Immigration Litigation, UNTIED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────

Unpublished opinions are not binding precedent in this circuit.  See Local Rule 36(c).

PER CURIAM:

Berc Capkan, a native and citizen of Turkey, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's denial of his waiver application pursuant to 8 U.S.C. § 1186a(c)(4) (2000). This section provides that the Attorney General, in his discretion, may remove the conditional basis placed upon an alien's permanent resident status (and waive the requirement that the alien and his citizen spouse jointly file a petition for removal of the conditional basis) upon a showing that the alien's marriage was entered into in good faith.

Under 8 U.S.C. § 1252(a)(2)(B)(ii) (2000), "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review . . . any . . . decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General." We find that the authority to grant a hardship waiver is clearly within the discretion of the Attorney General and thus the plain language of § 1252(a)(2)(B)(ii) divests this court of jurisdiction over Capkan's claims. Accordingly, we dismiss the petition for review for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED

2